## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

KEVIN D. CARTER,                          )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )    Civ. No. 09-493-SLR
                                          )
MIDWAY SLOTS & SIMULCAST and              )
HARRINGTON RACEWAY & CASINO,              )
                                          )
          Defendants.                     )

### MEMORANDUM ORDER

At Wilmington this   $23rd$  day of September, 2011, having considered

defendants' motion to dismiss for failure to prosecute and the papers submitted in

connection therewith;

IT IS ORDERED that said motion (D.I. 29) is denied for the reasons that follow:

1. **Background.** On July 7, 2009, plaintiff, proceeding pro se, filed this

employment discrimination complaint pursuant to Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §§ 2000e through 2000e-17. (D.I. 2) Defendants

answered the complaint on April 23, 2010. (D.I. 9) A scheduling order, outlining

discovery and motion deadlines, issued on June 7, 2010. (D.I. 14)

2. Plaintiff filed a letter reflecting difficulties meeting the scheduling order

deadlines and requested an amendment of the order.[1] (D.I. 15) Defendants did not

oppose his request. (D.I. 16) An amended scheduling order, extending deadlines,

_____

[1]In this letter dated August 16, 2010, plaintiff explained that he was having
difficulty retaining counsel. (D.I. 15)

issued on September 9, 2010. (D.I. 17)

3. Defendants commenced discovery by serving plaintiff with interrogatories and requests for production of documents. (D.I. 19, 20) Defendants also served plaintiff with its initial disclosures. (D.I. 18) In response, plaintiff requested an additional extension of time due to financial hardships he was experiencing.[2] (D.I. 21) Defendants filed a response indicating that plaintiff's request was unopposed. On October 14, 2010, a second amended scheduling order issued, extending deadlines in the amended scheduling order by one month. (D.I. 23)

4. On November 4, 2010, defendants noticed plaintiff that his deposition would be taken on November 18, 2010. (D.I. 24) On November 17, 2010, plaintiff filed a letter requesting a continuance (until January 2011) of his deposition due to financial hardships resulting from the vandalism incident. (D.I. 25) He further averred that appearing for a deposition without counsel would prejudice his case.

5. On February 3, 2011, defendants re-noticed plaintiff's deposition for February 16, 2011. (D.I. 26) Plaintiff did not appear for the scheduled deposition. (D.I. 27)

6. In a letter filed on February 22, 2011, plaintiff reiterated the high costs associated with the vandalism incident and indicated he was meeting with a lawyer on March 15, 2011.[3] (D.I. 28) He stated, again, that appearing for a deposition without

_____

[2]In this letter dated October 5, 2010, plaintiff averred that, as the result of extensive vandalism to his home and accompanying repair costs, he lacked the resources necessary to retain counsel. (D.I. 21)

[3]According to the second amended scheduling order, "all discovery in this case shall be initiated so that it will be completed on or before March 15, 2011." (D.I. 23)

counsel, would prejudice his case and requested additional time.

7. On February 28, 2001, defendants moved to dismiss based upon plaintiff's failure to prosecute the case. (D.I. 29, 31) Plaintiff filed a response requesting his "day in court" to prove the facts supporting his claims. (D.I. 33) Defendants filed a reply requesting dismissal. (D.I. 34)

8. **Standard of Review.** Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

9. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense . *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (not published).

10. The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be

3

appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

11. **Discussion.** First, as a pro se litigant, plaintiff is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Although plaintiff indicated attempts to secure counsel were made, he is ultimately responsible for pursuing this matter.

12. Second, defendants are prejudiced by plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendants' ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff has failed to provide defendants with any discovery . He has not responded to initial disclosures, interrogatories, request for production of documents and refused to make himself available for his two depositions prior to the expiration of the discovery. Plaintiff's conduct severely impedes defendants' ability to prepare a trial strategy.

13. As to the third factor, there is a history of dilatoriness inasmuch as plaintiff never responded to discovery nor updated the court on his most recent attempt to obtain counsel.

14. As to the fourth factor, the record reflects that plaintiff purposely did not appear for noticed depositions because he was unable to retain counsel and was reluctant to proceed without counsel. The record does not reflect plaintiff acted in bad faith.

4

15. As to the fifth factor, there are no alternative sanctions the court could effectively impose. Because plaintiff proceeds pro se and in forma pauperis, it is doubtful that monetary sanctions would be effective.

16. As to the sixth factor, the merits of the claim, plaintiff alleges that he was wrongfully terminated and discriminated against because of his race. (D.I. 2) The court is unable to determine the viability of the matter because of the lack of discovery.

17. Although the court finds that the *Poulis* factors strongly weigh in favor of dismissal, plaintiff will be afforded one last opportunity to prosecute his case. Plaintiff shall file his initial disclosures and responses to defendants' interrogatories and requests for production of documents on or before **November 1, 2011.** He shall also (before November 1, 2011) confer with defendants about a date for his deposition. **Because these discovery responses are long overdue, failure by plaintiff to comply with this deadline shall result in dismissal of the case for failure to prosecute pursuant to D. Del. L.R. 41.1.**

18. The court shall not entertain any applications by plaintiff for further extensions or entertain any excuses by plaintiff for failure to comply with this order. If plaintiff timely complies, the case shall proceed according to the following schedule.

a. **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before **January 16, 2012.**

b. **Application by Motion.** Any application to the court shall be by written motion filed with the Clerk of Court. Unless otherwise requested by the court, the parties shall **not** deliver copies of papers or correspondence to Chambers.

5

c. **Summary Judgment Motions**. All summary judgment motions and opening briefs and affidavits, if any, in support of the motions, shall be served and filed on or before **February 15, 2012.** Answering briefs and affidavits, if any, shall be filed on or before **March 15, 2012.** Reply briefs shall be filed on or before **March 29, 2012.**

United States District Judge