IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN D. CARTER, )
)
    Plaintiff, )
)
v. ) Civ. No. 09-493-SLR
)
MIDWAY SLOTS & SIMULCAST and )
HARRINGTON RACEWAY & CASINO, )
)
    Defendants. )

## MEMORANDUM ORDER

At Wilmington this 4th day of April, 2012, having considered plaintiff's letter request for an extension of deadlines and defendants' opposition thereto;

IT IS ORDERED that said request (D.I. 40) is granted as follows:

1. On July 7, 2009, plaintiff, proceeding pro se, filed this employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e through 2000e-17. (D.I. 2) Defendants answered the complaint on April 23, 2010. (D.I. 9) A scheduling order, outlining discovery and motion deadlines, issued on June 7, 2010. (D.I. 14)

2. Plaintiff filed a letter reflecting difficulties meeting the scheduling order deadlines and requested an amendment of the order.[1] (D.I. 15) Defendants did not

---

[1] In this letter dated August 16, 2010, plaintiff explained that he was having difficulty retaining counsel. (D.I. 15)

oppose his request. (D.I. 16) An amended scheduling order, extending deadlines, issued on September 9, 2010. (D.I. 17)

3. Defendants commenced discovery by serving plaintiff with interrogatories and requests for production of documents. (D.I. 19, 20) Defendants also served plaintiff with its initial disclosures. (D.I. 18) In response, plaintiff requested an additional extension of time due to financial hardships he was experiencing.[2] (D.I. 21) Defendants filed a response indicating that plaintiff's request was unopposed. On October 14, 2010, a second amended scheduling order issued, extending deadlines in the amended scheduling order by one month. (D.I. 23)

4. On November 4, 2010, defendants noticed plaintiff that his deposition would be taken on November 18, 2010. (D.I. 24) On November 17, 2010, plaintiff filed a letter requesting a continuance (until January 2011) of his deposition due to financial hardships resulting from the vandalism incident. (D.I. 25) He further averred that appearing for a deposition without counsel would prejudice his case.

5. On February 3, 2011, defendants re-noticed plaintiff's deposition for February 16, 2011. (D.I. 26) Plaintiff did not appear for the scheduled deposition. (D.I. 27)

6. In a letter filed on February 22, 2011, plaintiff reiterated the high costs associated with the vandalism incident and indicated he was meeting with a lawyer on

---

[2]In this letter dated October 5, 2010, plaintiff averred that, as the result of extensive vandalism to his home and accompanying repair costs, he lacked the resources necessary to retain counsel. (D.I. 21)

2

March 15, 2011.³ (D.I. 28) He stated, again, that appearing for a deposition without counsel would prejudice his case and requested additional time.

7. On February 28, 2011, defendants moved to dismiss based upon plaintiff's failure to prosecute the case. (D.I. 29, 31) Plaintiff filed a response requesting his "day in court" to prove the facts supporting his claims. (D.I. 33) Defendants filed a reply requesting dismissal. (D.I. 34)

8. On September 23, 2011, the court denied defendant's motion to dismiss for failure to prosecute and entered a scheduling order affording plaintiff "one last opportunity to prosecute his case." (D.I. 35 at ¶17)

9. Defendants filed a renewed motion to dismiss for failure to prosecute on November 16, 2011. (D.I. 36) Plaintiff filed a responsive letter on January 25, 2012, to which defendants filed a reply on January 25, 2012. (D.I. 38, 39)

10. On March 15, 2012, plaintiff submitted a letter request for additional time to meet deadlines. (D.I. 40) According to plaintiff, he was diagnosed with "Mono" and has been seriously ill since February 6, 2012. He has been on doctor-ordered bed rest, unable to work or leave the house. As a result, plaintiff implores the court to grant an extension until May 1, 2012. Defendants oppose the request. (D.I. 41)

11. As reflected in the court's September 23, 2012 memorandum order, plaintiff has been granted numerous extensions of deadlines. Plaintiff shall appear on **Thursday, April 19, 2012** at **10:00 a.m.** in courtroom 4B, on the fourth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware to show cause

---

³According to the second amended scheduling order, "all discovery in this case shall be initiated so that it will be completed on or before March 15, 2011." (D.I. 23)

3

why this case should not be dismissed for failure to prosecute. FAILURE TO APPEAR SHALL RESULT IN DISMISS OF THIS CASE.

                                                                              _____
                                                                                  United States District Judge